UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| FABIAS L. SHIPMAN, | Case No. 4:22-cv-00001 |
| Petitioner, | Judge J. Philip Calabrese |
| v. | Magistrate Judge Carmen E. Henderson |
| J.W. COX, Warden, | |
| Respondent. | |

**OPINION AND ORDER**

Petitioner Fabias L. Shipman, a *pro se* federal prisoner, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. (ECF No. 1.) He requests that the Court grant him earned-time credits pursuant to the First Step Act and order his immediate release from custody. The petition has been fully briefed and is ripe for disposition. For the reasons that follow, the Court **DISMISSES** the petition.

**FACTUAL AND PROCEDURAL BACKGROUND**

Petitioner Fabias L. Shipman is serving a 60-month term of imprisonment at the Yankton Federal Prison Camp, for possessing with intent to distribute a controlled substance. (ECF No. 16, PageID #11.) Petitioner contends that he should receive earned-time credit for completing evidence-based recidivism reduction ("EBRR") programs and productive activities ("PA") at the Bureau of Prisons. Specifically, Mr. Shipman requests to redeem earned-time credits permitted under the First Step Act of 2018. Petitioner seeks to apply 365 days of earned time credit

under the Act from his completion of EBRR programs and PAs. (ECF No. 1, PageID #9.)

On December 14, 2020, Mr. Shipman sought earned-time credits under the First Step Act by filing a request for administration remedy at the Yankton Federal Prison Camp. (ECF No. 16-1.) In January 2021, the acting warden denied the request. (ECF No. 16-2, PageID #24.) Mr. Shipman timely appealed the decision through a regional administrative remedy appeal, which was also denied. (ECF No. 16-4, PageID #26.) At this point, Mr. Shipman had thirty days in which to appeal to the BOP General Counsel. 28 C.F.R. § 542.15(a). Mr. Shipman failed to do so. (*See* ECF No. 16-5, PageID #27.) Not until sixty days later did Mr. Shipman appeal. (ECF No. 16-5.) The General Counsel rejected Mr. Shipman's appeal as untimely and instructed him to resubmit the appeal and explain the delay for the appeal. (*Id.*; *see also* ECF No. 16-6, ¶ 19, PageID #32.) Mr. Shipman did not pursue the matter further administratively. Instead, he filed this habeas petition.

## ANALYSIS

Respondent asserts that Mr. Shipman failed to exhaust his administrative remedies and, therefore, cannot petition for a writ of habeas corpus under 28 U.S.C. § 2241. In addition, Respondent contends that Mr. Shipman is ineligible for earned-time credits under the First Step Act. (EFC No. 16, PageID #18.)

I.   **Exhaustion of Administrative Remedies**

Under Section 2241, federal prisoners must exhaust their available administrative remedies before filing a petition for a writ of habeas corpus. *Luedtke*

*v. Berkebile*, 704 F.3d 465, 466 (6th Cir. 2013). Exhaustion is an affirmative defense, and the Court may not dismiss a Section 2241 petition at the screening stage for failure to plead exhaustion or failure to attach exhibits with proof of exhaustion. *Id*. However, an incarcerated person's failure to exhaust may be excused if administrative remedies are not reasonably available. Still, the Sixth Circuit requires those in prison to make "some affirmative efforts to comply with the administrative procedures before analyzing whether the facility rendered these remedies unavailable." *Naiper v. Laurel Cnty., Ky.*, 636 F.3d 218, 223 (6th Cir. 2011) (citations omitted). "An inmate cannot simply fail to file a grievance or abandon the process before completion and claim that he has exhausted his remedies. . . ." *Hartsfield v. Vidor*, 199 F.3d 305, 309 (6th Cir. 1999).

In most cases, exhaustion is the rule, and failure to exhaust will preclude federal habeas review. *Fazzini v. Northeast Ohio Corr. Ctr.*, 473 F.3d 229, 232 (6th Cir. 2006). In rare cases, however, exhaustion of administrative remedies is not required. *See, e.g.*, *Rose v. Lundy*, 455 U.S. 509, 516 n.7 (1982) ("[T]he exhaustion doctrine does not bar relief where the state remedies are inadequate."); *Turner v. Bagley*, 401 F.3d 718, 724 (6th Cir. 2005) ("This Court has also held that a *habeas* court should excuse exhaustion where further action in state court 'would be an exercise in futility.'") (quoting *Lucas v. Michigan*, 420 F.2d 259, 262 (6th Cir.1970)).

This case does not present the rare circumstance where exhaustion would be inadequate or futile. And the Court finds that Petitioner has not exhausted his administrative remedies. Initially, Petitioner pursued his administrative remedies.

3

He appealed the decision denying his request for earned-time credits. (ECF No. 16-4, PageID #26.) His pursuit of administrative remedies ended there, though he had additional remedies available to him to pursue relief from the Bureau of Prisons. *See* 28 C.F.R. § 542.15(a) (authorizing appeal to the BOP General Counsel). Petitioner had thirty days in which to appeal to the BOP General Counsel. He failed to do so. (*See* ECF No. 16-5, PageID #27.) Still, the General Counsel rejected Petitioner's appeal as untimely and instructed him to resubmit the appeal and provide staff verification for the delay. (*Id.*; *see also* ECF No. 16-6, ¶ 19, PageID #32.) Again, Petitioner failed to do so. Therefore, the record shows that Petitioner abandoned the administrative process before completion. Because Petitioner failed to exhaust his administrative remedies, the Court **DISMISSES** the petition.

## II. Earned-Time Credits Under the First Step Act

Even if Petitioner exhausted his administrative remedies, the Court concludes that Mr. Shipman is not eligible to receive earned-time credits under the First Step Act on the record presented. The question of Mr. Shipman's eligibility begins and ends with his recidivism risk level under the risk and needs assessment system. The Bureau of Prisons uses that system to (1) determine an inmate's recidivism risk; (2) assess an inmate's risk of violent or serious misconduct; (3) determine the type and amount of EBRR programming appropriate for each inmate based on the prisoner's criminogenic needs; (4) periodically reassess an inmate's recidivism risk; (5) reassign an inmate to appropriate EBRR programs and PAs; (6) determine when to provide incentives and rewards for successful participation in EBRR programs and

4

PAs; and (7) determine when the inmate is ready to transfer to pre-release custody or supervised release. 18 U.S.C. §§ 3632(a) & (d)(4)(C). The First Step Act permits eligible inmates who successfully complete EBRR programs or PAs to receive time credits to be applied toward time in pre-release custody or supervised release. *See* 18 U.S.C. § 3632(d)(4)(A) & (C).

In determining whether an inmate attained earned-time credits under the First Step Act, the Bureau of Prisons conducts a risk and needs assessment referred to as the Prisoner Assessment Tool Targeting Estimated Risk and Needs. The PATTERN assessment places an inmate in one of four categories to determine the risk of recidivism: high, medium, minimum, or low. *See* 18 U.S.C. § 3632(a). After receiving a PATTERN score, the inmate must successfully participate and complete EBRRs and PAs based on his individualized results to begin applying earned time credits under the Act. 18 U.S.C. § 3632(d)(4)(C). "Before the credits are applied, however, eligible inmates must first serve a certain portion of their sentence and attain a low or minimum risk level on PATTERN." *Knight v. Bell*, No. CV JKB-20-3108, 2021 WL 1753791, at *4 (D. Md. May 4, 2021).

Here, Petitioner does not meet the eligibility requirements to receive earned-time credits under the First Step Act. Petitioner asserts that his case manager assessed him at a low rate of recidivism. (ECF No. 1, PageID #10 & 11.) However, Mr. Shipman's PATTERN actual assessment refutes this claim and places him at a medium and high risk of recidivism. (ECF No. 16-7, Page ID #58; ECF No. 16-8, PageID #59; ECF No. 16-9, PageID #61.) Based on the record before the Court,

5

Petitioner has yet to receive a PATTERN score of low or minimum risk of recidivism. Until Mr. Shipman receives a PATTERN score of low or minimum risk of recidivism, he is not eligible to receive earned-time credits under the First Step Act. 18 U.S.C. § 3624(g)(1); *see Hernandez v. Warden FPC-Lewisburg*, No. CV 1:21-0599, 2022 WL 452408, at *3 (M.D. Pa. Feb. 14, 2022) (holding that an inmate was ineligible for earned time credits because his PATTERN assessments scored him at a high risk of recidivism); *Knight*, 2021 WL 1753791, at *4 (holding that the inmate was ineligible "to use any time credit to reduce his sentence because his current PATTERN score shows a high-risk recidivism level").

## CONCLUSION

For the forgoing reasons, the Court **DISMISSES** Petitioner's writ of habeas corpus. ([ECF No. 1](#).)

**SO ORDERED.**

Dated: April 27, 2022

*[signature]*

J. Philip Calabrese
United States District Judge
Northern District of Ohio